IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HOWARD GILMORE, )
)
        Plaintiff, )
)
v. ) No. 05-0653-SSA-CV-W-WAK
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration )
)
        Defendant. )

**ORDER**

    Claimant Howard Gilmore seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* He claims he became disabled beginning on June 1, 2002. The parties' briefs were fully submitted, and on February 8, 2006, an oral argument was held.

    "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

    In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Gilmore was born in 1954, has a high school education with some additional military training, and formerly worked as a welder. He claims he is disabled by a deteriorating disk in his back, headaches, shortness of breath, a shoulder injury and coughing.

After evaluating the evidence and holding a hearing, the administrative law judge (ALJ) found claimant had headaches and disorders of the back, shoulders, legs and hands, which were severe within the meaning of the Social Security Act. He found claimant could not return to his former work, but had the residual functional capacity to perform a significant number of jobs in

2

the light exertional level. An example was given as a packager, of which there were approximately 300 in the State of Missouri.

Gilmore asserts the ALJ made an improper credibility finding, and that the lack of substantial medical treatment for a number of years is attributable to his lack of funds to pay for such care.

The medical records from treatment claimant obtained after learning he was eligible for care from the Veterans Administration clearly show impairments. An MRI and X-rays of the lumbar spine confirm claimant has degenerative changes, disk protrusion and foraminal narrowing, as well as possible muscle spasms. Gilmore claims to have numbness in his leg, and the ALJ credited claimant's assertion that he has or had headaches.

The administrative record, however, indicates the ALJ may not have had all of the VA medical records at the time he issued his opinion and, thus, did not have a true picture of claimant's overall condition, and what he could do. At the time of the administrative hearing, claimant was scheduled for physical therapy and his medical records also suggested his shoulder impairment might be correctable with surgery. He claims to have considerable pain, some mental limitations, and to have restricted his daily activities in numerous ways.

The ALJ discounted some of Gilmore's subjective complaints because of a lack of medically objective support for them. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605. In this case, the ALJ did not appear to have a complete or very comprehensive record.

After careful review and consideration, the court finds the ALJ's decision is not adequately supported by substantial evidence on the record as a whole. Claimant asserts he did not have medical treatment for a period of time because of his financial position. His records from the VA indicate he did have objectively determinable medical conditions which required

3

treatment and caused pain. Claimant states those conditions existed or worsened during the period when he did not obtain treatment due to his mental and financial status.

At the time of the hearing, claimant was still undergoing treatment and evaluations, and it was not clear whether his headaches and back pain were going to be responsive to treatment or pain medication. Likewise, the record neither supports nor detracts from his testimony regarding the necessity of restrictions on his daily activities. Further, the vocational expert and ALJ only identified a very limited number of jobs available in Missouri that the ALJ believed Gilmore was capable of doing.

Under these circumstances, the court remands this case to the Social Security Administration for further development of the record, including, if possible, a better determination of the severity of Gilmore's medical conditions, whether those conditions were amenable to treatment once such treatment was available, whether claimant has the residual functional capacity to perform a significant number of jobs available in the state and nation, and whether claimant is disabled within the meaning of the Social Security Act, and if so, the date on which he became disabled.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record, as set forth above.

Dated this 28th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge